IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VERIDYNE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-150C |
| v. | ) | (Judge Block) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S ANSWER AND COUNTERCLAIM

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1, that Veridyne was a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegation contained in paragraph 1, that Veridyne "is a small business," because that term is ambiguous and for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegation contained in paragraph 1, that Veridyne was a participant in the Small Business Administration ("SBA") Minority Business Enterprise Program ("the 8(a) program") during a portion of performance of the contract at issue in this case, but alleges that Veridyne "graduated" from the 8(a) program in 1998, shortly after the execution of Modification 23 to the contract.

2. Admits.

3. The allegations contained in paragraph 3are conclusions of law to which no response is required.

4. Admits the allegations contained in paragraph 4 to the extent supported by the contract cited, which is the best evidence of its content, except that the contract was awarded by

SBA on March 27, 1995, not March 14, 1995, as alleged in this paragraph; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent supported by the contract cited, which are the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract provision cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract provision cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract provision cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the contract provision cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the contract cited, which is the best evidence of its content, except that the base year award fee was $223,189.96, not $323,189.96 as alleged in this paragraph; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the contract cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the contract cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 12.

13. Admits.

14. Admits.

15. Admits, except that the discussions referenced in this paragraph began in late 1997.

16. Admits the allegations contained in paragraph 16 to the extent supported by the contract modification cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the contract modification cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the contract modification cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 18.

19. Plaintiff's Amended Complaint includes no paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent supported by the contract modification cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the contract modification cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 21.

22. Admits.

23. Admits.

24. Admits the allegations contained in paragraph 24 to the extent supported by the letters cited, which are the best evidence of their content; otherwise denies the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the contract modification cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the letter cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 26.

27. Paragraph 27 is an incomplete sentence, the intended meaning of which is unclear; however, to the extent that paragraph 27 alleges that Mr. Burkowski and representatives of Veridyne met and that Veridyne representatives proposed year 6-10 award fees as set forth in paragraph 27, admits.

28. Admits the allegations contained in paragraph 28 to the extent supported by the "draft" contract modification cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 28.

29. Admits the allegations contained in paragraph 29 to the extent supported by the cover letter cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 29.

30. Admits.

31. Admits the allegations contained in paragraph 31 to the extent supported by the contract modification cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 31.

32. Admits the allegations contained in paragraph 32 to the extent supported by the contract modification cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 32.

33. Admits the allegations contained in paragraph 33 to the extent supported by the contract modification cited, which is the best evidence of its content, except that the award fee amount was $72,667.24, not $72,607.24 as alleged in this paragraph; otherwise denies the allegations contained in paragraph 33.

34. Admits the allegations contained in paragraph 34 to the extent supported by the contract modification cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 34.

35. Admits the allegations contained in paragraph 35 to the extent supported by the contract modification cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 35.

36. Admits the allegations contained in paragraph 36 to the extent supported by the contract modification cited and its attached cover letter, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 36.

37. Admits the allegations contained in paragraph 37 to the extent supported by the contract modification cited and its attached cover letter, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 37.

38. Admits the allegations contained in paragraph 38 to the extent supported by the contract modification cited and its attached cover letter, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 38.

39. Admits the allegations contained in paragraph 39 to the extent supported by the contract modification cited and its attached cover letter, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 39.

40. Admits the allegations contained in paragraph 40 to the extent supported by the contract modification cited and its attached cover letter, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 40.

41. Admits the allegations contained in paragraph 41 to the extent supported by the contract modification cited and its attached cover letter, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 41.

42. Admits the allegations contained in paragraph 42 to the extent supported by the contract modification cited and its attached cover letter, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 42.

43. Admits the allegations contained in paragraph 43 to the extent supported by the contract modification cited and its attached cover letter, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 43.

44. Admits the allegations contained in paragraph 44 to the extent supported by the contract modification cited and its attached cover letter, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 44.

45. Admits the allegations contained in paragraph 45 to the extent supported by the contract modification cited and its attached cover letter, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 45.

46. Admits the allegations contained in the paragraph 46 to the extent supported by the December 7, 2004 letter from the MARAD Chief Counsel to Veridyne's counsel, which is the means by which MARAD "informed" Veridyne of its views and which is the best evidence of its content; otherwise denies the allegations contained in paragraph 46. Avers that plaintiff's reference to MARAD's "General Counsel" should be changed to MARAD's "Chief Counsel."

47. Defendant's responses to paragraphs 1 through 46 of the amended complaint are incorporated by reference.

48. Admits the allegations contained in paragraph 48 regarding the invoice numbers, dates, periods, and amounts to the extent supported by the invoices cited, which are the best evidence of their content; admits the allegation contained in paragraph 48 that the referenced invoices were in response to work orders from MARAD officials; to the extent that characterization of the work orders as "authorized" constitutes a legal conclusion, no response is necessary; otherwise denies the allegations contained in paragraph 48.

49. Admits the allegations contained in paragraph 49, except that plaintiff's reference to MARAD's "General Counsel" should be changed to MARAD's "Chief Counsel."

50. Admits the allegations contained in paragraph 50 to the extent supported by the invoices cited, which are the best evidence of their content; otherwise denies the allegations contained in paragraph 50.

51. Admits the allegations contained in paragraph 51 that MARAD refused to pay invoices 266 and 267, and that the total of payments upon invoices from Veridyne which was withheld by MARAD was $2,267,163.96. To the extent that it constitutes a legal conclusion, no response is necessary to plaintiff's assertion in paragraph 51 that the payments were "due" to Veridyne; to the extent that this assertion may be deemed an allegation of fact, it is denied.

52. Admits the allegations contained in paragraph 52 that plaintiff filed a claim and the contents of that claim to the extent supported by the claim, itself, which is the best evidence of its content; otherwise denies the allegations regarding the claim contained in paragraph 52. The allegation contained in paragraph 52 implying that MARAD was obligated "to pay [Veridyne's] invoices for services ordered, rendered, and utilized by MARAD" constitutes a legal conclusion, to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

53. Admits the allegations contained in paragraph 53, except that plaintiff's reference to MARAD's "General Counsel" should be changed to MARAD's "Chief Counsel."

54. Admits the allegation contained in paragraph 54, that more than 60 days have passed from the time of the filing of the claim and that no final decision has been issued. The remainder

of paragraph 54 is a legal conclusion, to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

55. The allegations contained in paragraph 55 and the demand for relief immediately thereunder constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent that these assertions may be deemed allegations of fact, they are denied.

56. Defendant's responses to paragraphs 1 through 46 of the amended complaint are incorporated by reference.

57. Denies the allegations contained in paragraph 57 for lack of knowledge or information sufficient to form a belief as to their truth.

58. Denies the allegations contained in paragraph 58 for lack of knowledge or information sufficient to form a belief as to their truth.

59. Denies the allegations contained in paragraph 59 for lack of knowledge or information sufficient to form a belief as to their truth.

60. Admits the allegations contained in paragraph 60 that plaintiff filed a claim and the contents of that claim to the extent supported by the claim, itself, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 60.

61. Admits the allegations contained in paragraph 61 to the extent supported by the claim, itself, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 61.

62. Admits the allegations contained in paragraph 62, that more than 60 days have passed from the time of the filing of the claim and that no final decision has been issued. The

remainder of paragraph 62 constitutes a legal conclusion, to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

63. The allegations contained in paragraph 63 and the demand for relief immediately thereunder constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent that these assertions may be deemed allegations of fact, they are denied.

64. Defendant's responses to paragraphs 1 through 46 of the amended complaint are incorporated by reference.

65. The allegations contained in paragraph 65 constitute legal conclusions, to which no response is required; to the extent that these assertions may be deemed allegations of fact, they are denied.

66. Admits the allegations contained in paragraph 66 to the extent supported by the claim, itself, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 66.

67. Admits the allegations contained in paragraph 67, that more than 60 days have passed from the time of the filing of the claim and that no final decision has been issued. The remainder of paragraph 67 constitutes a legal conclusion, to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

68. The allegations contained in paragraph 68 and the demand for relief immediately thereunder constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent that these assertions may be deemed allegations of fact, they are denied.

69. Denies each and every allegation not previously admitted or otherwise qualified.

70. Denies that plaintiff is entitled to the relief requested or to any relief at all.

DEFENDANT'S AFFIRMATIVE DEFENSE (FRAUD)

71. In late 1997, Veridyne officials recognized that Veridyne's growth would soon make it ineligible for participation in the 8(a) program. Thus, they contacted MARAD officials and sought a means to continue Veridyne's performance of its 8(a) logistics support contract, which is the subject of this litigation ("the contract"), past its May 2000 conclusion date by other means.

72. Veridyne and some MARAD officials agreed that the best way to keep Veridyne under the contract beyond May 2000 was to modify the contract by adding five option years to the four option years already included in the contract. Such a modification could only be executed while Veridyne was still within the size limits of the 8(a) program, and it was believed that Veridyne would "graduate" from the program by mid-1998. Accordingly, Veridyne and MARAD officials sought to conclude the modification (which would become Modification 23) as early as possible in 1998.

73. Pursuant to15 U.S.C. § 637(a)(1)(D), any modification to a contract under the 8(a) program that increases its value by more than $3 million requires competitive bidding ("Competition Requirement"). Veridyne and some of the MARAD officials with whom it discussed Modification 23 wished to avoid competitive bidding for the modification, because they believed that there was a risk that Veridyne would not be awarded the modification. In order to avoid the Competition Requirement, Veridyne needed to submit an estimate of performance costs of less than $3 million for the lifetime of Modification 23.

74. Based upon prior experience with the contract, and the work anticipated in the five additional option years provided by Modification 23, Veridyne and some of the MARAD

officials with whom it was working, anticipated that the value of Modification 23 would be approximately $21 million over the five-year period encompassed in the modification.

75. Veridyne submitted a cost estimate of $2,999,994.80 for Modification 23 for its entire five-year lifetime. Veridyne did so with full knowledge that the estimate was inaccurate and was designed solely to circumvent the Competition Requirements. Veridyne's Chief Financial Officer, Michael Genna, would later admit that it was "not a good faith estimate," and Mr. Samuel Patterson, Veridyne's Chief Executive Officer, later stated that, "[a]t the end of the day, that estimate sucked." Veridyne realized that, although some MARAD officials were aware of the inaccuracy in its cost estimate, it would be relied upon by other Government officials to justify lack of competition for Modification 23.

76. Veridyne and MARAD executed Modification 23 on May 20, 1998. But for Veridyne's knowingly false estimate of performance costs, Modification 23 would not have been executed at that time and would either have been subject to competitive bidding or never executed at all.

77. Veridyne's present lawsuit is completely premised upon moneys allegedly owed it for work done pursuant to Modification 23.

78. Modification 23 was tainted by fraud and wrongdoing and executed in violation of statutory controls upon the procurement process, namely, the Competition Requirements. As such, it was void ab initio. Because Modification 23 was void ab initio, the United States is entitled to recover consideration paid upon work orders issued pursuant to Modification 23, and owes no payment to Veridyne.

DEFENDANT'S COUNTERCLAIM (SPECIAL PLEA IN FRAUD)

79. The United States hereby incorporates paragraphs 71 through 77 of this Answer and Counterclaim.

80. Veridyne's knowing misrepresentation of the true cost of Modification 23 tainted the contract with fraud.

81. By filing its claims related to Modification 23, Veridyne corruptly practiced or attempted to practice fraud against the United States in the proof, statement, establishment, or allowance of those claims.

82. Accordingly, pursuant to 28 U.S.C. § 2514, Veridyne's claims against the United States arising from Modification 23 must be forfeited to the United States and the United States is entitled to a finding of fraud and a judgment of forfeiture.

WHEREFORE, defendant requests that the complaint be dismissed, that the Court find that Veridyne committed fraud, a judgment of forfeiture of the claims presented in Veridyne's complaint, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ J. Reid Prouty
J. REID PROUTY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7586

Attorneys for Defendant

July 31, 2006