IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VERIDYNE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-150C |
| v. | ) | (Judge Block) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A, Part III, of the Rules of the United States Court of Federal Claims ("RCFC"), the parties submit the following Joint Preliminary Status Report.

**A. Jurisdiction**

Veridyne Corporation ("Veridyne") asserts jurisdiction pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601 et seq. Defendant is not aware of a basis upon which to challenge jurisdiction at this time.

**B. Consolidation**

The parties agree that this case should not be consolidated with any other case.

**C. Bifurcation**

The parties agree that the trial of liability and damages should not be bifurcated.

**D. Deferral**

The parties are not aware of any related cases currently pending in this or any other tribunal and, accordingly, the proceedings in this case should not be deferred pending consideration of any other case.

**E. Remand/Suspension**

Neither party will seek to remand or suspend this case.

**F. Joinder of Additional Parties**

At this time, neither party intends to join additional parties.

**G. Motions Pursuant to RCFC 12(b), 12(c) or 56**

No motions pursuant to RCFC 12(b), 12(c) or 56 have been filed. Veridyne is currently preparing a Motion for Partial Summary Judgment pursuant to RCFC 56 on Count I of its Amended Complaint.

**H. Relevant Questions**

Plaintiff:

1. Whether Modification 0023 was a valid contract action, since its was executed by contracting officers from both MARAD and SBA allegedly acting within their authority.

2. Whether Modification 0023, if it was not within the authority of the SBA and MARAD contracting officers, is binding upon defendant pursuant to the doctrine of institutional ratification.

3. Whether defendant waived its right to deny the effectiveness of Modification 0023, by exercising at least three (3) contract extension options and by the continued issuance of work orders after it was aware that the estimated dollar amount set forth in Modification 0023 had been exceeded.

4. Whether defendant is barred from denying the effectiveness of Modification 0023 by the doctrine of estoppel *in pais*.

5. Whether, irrespective of whether Modification 0023 is valid, plaintiff is entitled to payment of its invoices, since all the services were provided pursuant to work orders issued by MARAD contracting officers allegedly acting within their authority after MARAD knew that the

estimate in Modification 0023 had been exceeded.

6. Whether, in the event Modification 0023 is not valid, plaintiff is entitled to payment of its invoices under the doctrine of *quantum meruit*.

Defendant:

1. Whether Modification 0023 of the contract at issue was void *ab initio* due to Veridyne's allegedly knowing misrepresentation of its proposed cost, which resulted in Modification 0023's execution in violation of statutory controls upon the Federal procurement process calling for open competition.

2. Whether, if Modification 0023 was void *ab initio*, the United States is entitled to recover consideration paid upon work orders issued pursuant to Modification 0023 and owes no payment to Veridyne.

3. Whether Veridyne's allegedly knowing misrepresentation of the proposed cost of Modification 0023 tainted the contract with fraud and entitles the United States to a finding of fraud and a judgment of forfeiture pursuant to 28 U.S.C. § 2514.

**I. Settlement**

At this time, the parties believe it is too early in the litigation to provide an opinion as to the likelihood of settlement. The parties will consider settling some or all of the claims as this litigation progresses.

**J. Trial**

In the absence of a settlement or disposition of the case through pre-trial motions, the parties anticipate that the case will proceed to trial. Neither party requests an expedited trial schedule.

**K. <u>Electronic Case Management</u>**

This case is already designated as an electronic filing case and counsel for both parties are certified for Electronic Case Management.

**L. <u>Additional Issues</u>**

The parties are unaware of any additional information that the Court should be aware of at this time.

**<u>Proposed Discovery Plan</u>**

Pursuant to RCFC Appendix A, ¶ 5, the parties propose the following discovery plan:

a. Initial Disclosures pursuant to RCFC 26(a)(1) shall be served on or before December 7, 2006.

b. All discovery in this action shall be completed on or before October 1, 2007.

Date: October 25, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

STEVEN J. GILLINGHAM
Assistant Director

<u>/s/ Anuj Vohra</u>
ANUJ VOHRA
Trial Attorney
Commercial Litigation Branch
Civil Division

<u>/s/ Marc Lamer</u>
MARC LAMER
Kostos and Lamer, P.C.
1608 Walnut Street
Suite 1300

Philadelphia, PA 19103
215.545.0570
215.545.4617

Attorney for Plaintiff

U.S. Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, NW
Washington, DC 20530
202.353.0521
202.307.0972

Attorneys for Defendant