IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VERIDYNE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 06-150C<br>(Judge Block) |

DEFENDANT'S MOTION FOR LEAVE TO FILE OUT OF TIME
AND UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME

With apologies to the Court, defendant respectfully requests leave to file its reply brief out of time, on July 27, 2007.

On December 20, 2006, the Court set a schedule for briefing in response to the motion for summary judgment filed by plaintiff and, in so doing, adopted the briefing schedule suggested by the parties in their Joint Status Report submitted December 8, 2006. The Court enlarged the briefing deadlines at the request of the Government on January 26, 2007 and February 22, 2007. The Court's February 22, 2007 order set March 23, 2007 as the due date for the Government's brief and April 5, 2007 as the due date for the plaintiff's response and reply.

Because the allotted time for the plaintiff's response and reply was shorter than the amount of agreed-upon time reflected in the December 8, 2006 Joint Status Report and shorter than the amount of time for a response pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant's counsel called plaintiff's counsel after filing the Government's brief to alert him of the discrepancy. Plaintiff's counsel told defendant's counsel that he would notify chambers and that he intended to comply with the deadlines pursuant to the RCFC.

On April 5, 2007, the Court ordered that the briefing deadlines established within its February 22, 2007 order were superseded and set a due date of April 26, 2007 for the plaintiff's response and reply. Defendant's counsel received the notification of the order by electronic mail. Defendant's counsel was in court that day and does not specifically recall the details of having read the order, but in retrospect has concluded that he must have taken note of the resetting of the due date for plaintiff's response and reply without having taken note of the order's impact on subsequent briefing due dates, i.e., the due date for the Government's reply brief. Thus, defendant's counsel labored under the mistaken belief that no deadline had been set for the Government's reply brief.

Plaintiff filed its response and reply brief on May 9, 2007, and filed its Supplemental Appendix, with leave of the Court, on May 16, 2007. Defendant's counsel checked the docket entries for those filings and checked the "Deadlines/Hearings" page on PACER to see if they reflected a due date for the Government's reply brief. They did not,[1] however, and defendant's counsel continued to assume that no deadline for the Government's reply had been set.

Defendant's counsel determined that the appropriate course, based on his erroneous assumption, was to request that the Court set a due date for the Government's reply. After conferring with agency counsel and assessing the demands of his other cases,[2] defendant's

[1] We note that the docket entry for plaintiff's Motion for Leave to File Plaintiff's Supplemental Appendix Out of Time on May 16, 2007 indicates a response date of June 4, 2007, but that date applies to the response to plaintiff's motion for leave, which the Government did not oppose and which was granted the same day it was filed.

[2] Defendant's counsel is responsible for briefs due on June 6, 2007 (Childers v. United States, Fed. Cl. No. 06-496) and June 11, 2007 (Baxendale v. Nicholson, Fed. Cir. No. 07-7152), depositions on June 13, 2007, June 27, 2007 and July 18-19, 2007 (each in Ag-Innovations v. United States, Fed. Cl. No. 05-776) and two depositions the week of July 2, 2007 (which

counsel resolved to request a due date of July 27, 2007. Defendant's counsel discussed this deadline with plaintiff's counsel, and plaintiff's counsel indicated that plaintiff would not oppose a due date of July 27, 2007.[3]

For the reasons stated above, and, again, with apologies to the Court, defendant respectfully requests leave to file its reply brief out of time, on July 27, 2007. Defendant's counsel assures the Court that he did not intend to ignore the deadline set by the Court.

---

includes the July 4 holiday) (Meredith v. United States, Fed. Cl. No. 06-451; these depositions had initially been planned for the week of June 18, 2007, but plaintiff's counsel in that case recently informed defendant's counsel that she was not available that week.), a mediation on June 19, 2007 (K-Con Building Constructors v. United States, Fed. Cl. No. 06-865) and oral argument on July 12, 2007 (Louis B. Fine Family v. United States Postal Service, Fed. Cir. No. 06-1529). Also, agency counsel will be on vacation the weeks of June 25, 2007 and July 2, 2007, and will be unavailable to assist in the case or provide comments to defendant's counsel during that time.

We note also that, even if defendant's counsel had been aware of and attempted to comply with the May 23, 2007 due date applicable pursuant to the RCFC, the Government likely would have requested the same enlargement from the Court that it requests in this motion. Because of the technical difficulties that prevented plaintiff from filing its Supplemental Appendix, plaintiff's response was not complete until May 16, 2007, thus defendant would have been hampered in its ability to prepare its reply prior to that date. In addition, defendant's counsel was responsible for submitting briefs on May 17, 2007 (Woods v. Nicholson, Fed. Cir. No. 07-7117) and May 29, 2007 (Woodruff v. United States, Fed. Cl. No. 06-806). In addition, defendant's counsel had to tend to urgent discovery matters in Ag-Innovations v. United States, No. 05-776 and K-Con Building Constructors Inc. v. United States, Nos. 05-914, 05-981, and 05-1054.

[3] Defendant's counsel and plaintiff's counsel spoke on May 31, 2007. During the conversation, defendant's counsel stated his intention to submit a motion requesting that the Court set a due date. Counsel did not discuss the possibility that the Government might submit a motion for leave to file out of time. Defendant's counsel attempted to contact plaintiff's counsel on the afternoon of June 1, 2007 after he realized that a motion to file out of time would be necessary, but was unable to reach him. In the interest of resolving this matter as soon as possible, defendant's counsel has elected to submit this motion without waiting for a return call from plaintiff's counsel. To be clear, then, plaintiff's counsel consented to the filing of the Government's reply brief on July 27, 2007, but has not taken a position with respect to the Government's motion for leave to file out of time.

In addition, the defendant requests an enlargement of time of 46 days, to and including July 27, 2007, within which to submit its response to plaintiff's motion to strike filed on May 23, 2007. Defendant's response presently is due on June 11, 2007. This is the defendant's first request for an enlargement of time for this purpose. Plaintiff has been contacted and has consented this request for an enlargement of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 514-4678

Attorneys for Defendant

June 1, 2007

CERTIFICATE OF FILING

I hereby certify that on this 1st day of June 2007, a copy of the foregoing "Motion for Leave to File out of Time Motion for Enlargment of Time" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler