IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VERIDYNE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 06-150C<br>(Judge Christine O.C. Miller) |

**DEFENDANT/COUNTERCLAIMANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT OR, IN THE ALTERNAITIVE, DEFENDANT/COUNTERCLAIMANT'S MOTION TO REFUSE APPLICATION FOR JUDGMENT**

On July 10, 2008, plaintiff, Veridyne Corporation ("Veridyne") submitted a motion seeking, for the second time, summary judgment with respect the Government's defense and counterclaims in fraud and with respect to the Government's argument that the contract at issue was void ab initio. Veridyne further requests partial summary judgment in the amount of $1,263,996.80, which Veridyne represents as claims for payment related to activities that were funded by the Government. Veridyne rests its second motion for summary judgment almost entirely upon its claim that the Maritime Administration ("MARAD") was not deceived by its fraud. In doing so, Veridyne reflects a fundamental misunderstanding of both the law, and the theories and allegations underlying defendant's defenses and counterclaims. The Government need not demonstrate that it was deceived in order to prove its defenses and counterclaims, and we therefore respectfully request that the Court deny Veridyne's motion.

In the alternative, we respectfully request that the Court deny Veridyne's motion in order to permit the Government to conduct additional discovery, pursuant to Rule 56(f) of the Rules of the Court of Federal Claims ("RCFC"). Veridyne has prematurely submitted its motion for

summary judgment. The period for fact discovery in this case closes on September 26, 2008, and the parties are still engaged in active discovery. The Government intends to depose several current and former employees of Veridyne who likely have information relevant to the Government's defenses and counterclaims. The Government therefore should be permitted to conduct additional discovery prior to responding to Veridyne's motion.

## STATEMENT OF THE ISSUES

1. Whether Veridyne has satisfied its initial burden to demonstrate the absence of a genuine issue of material fact with respect to the Government's defenses and counterclaims pursuant to the Special Plea in Fraud and Mississippi Valley based solely upon evidence that Government employees were not deceived.

2. If the Court determines that Veridyne has met its initial burden, whether the Court should refuse plaintiff's application for judgment in order to permit the Government to conduct additional discovery.

## STATEMENT OF THE FACTS

Veridyne's second motion for partial summary judgment is based upon the same facts and circumstances as those in its first motion for partial summary judgment. The only additional facts introduced by Veridyne relate to its allegation that the Government was not deceived by its fraud. For the reasons stated below, however, deception of the Government is not required in order to establish any of the Government's defenses or counterclaims and, therefore, does not provide a basis for summary judgment in favor of plaintiff. Thus, the only facts necessary to decide plaintiff's motion are the background facts set forth in the Government's response to Veridyne's previous motion. For its statement of the facts, then, the Government incorporates the statement of the facts contained in Defendant's Response to Plaintiff's Partial Motion for Summary Judgment and Cross-Motion for Summary Judgment, filed March 23, 2007. Exh. 1.

## ARGUMENT

### I. Standard of Review

Summary judgment is appropriate if the evidence demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." RCFC 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); SmithKline Beacham Corp. v. Apotex Corp., 403 F.3d 1331, 1337 (Fed. Cir. 2005). The moving party bears the initial burden to produce evidence showing the absence of a genuine issue of material fact. Orlosky v. United States, 64 Fed. Cl. 63, 68 (2005) (citing Crown Operations Int'l, Ltd. v. Solutia Inc., 289 F.3d 1367, 1375 (Fed.Cir.2002)). Once the moving party has established its initial burden, the opposing party must establish a genuine issue of material fact and cannot rest on mere allegations, but must present actual evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Issues of fact are genuine only "if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Id.

### II. Veridyne Has Failed To Satisfy Its Initial Burden To Produce Evidence Of The Absence Of A Genuine Issue Of Material Fact

Veridyne already has sought summary judgment with respect to the Government's defenses and counterclaims. Pl. First Mot. Sum J. filed November 13, 2006. In our response, we presented affidavits and other evidence that demonstrated the existence of genuine issues of material fact as to each of our defenses and counterclaims. Def. First Resp., filed March 23, 2007, Exh. 1. The Court denied Veridyne's first motion for partial summary judgment, concluding that "defendant has raised genuine issues of material fact concerning how plaintiff obtained Mod 23 and subsequent modifications to the Contract, so plaintiff's partial motion for summary judgment on Count I of its Amended Complaint must be denied." Mem. Op. and

Order at 16. In so doing, the Court noted that the Government's defenses and counterclaims are not undermined by evidence of "the active, knowing participation of MARAD contracting personnel[.]" Id.

Veridyne now has filed a second motion for summary judgment, but this time has presented what it believes is evidence of the active, knowing participation of MARAD contracting personnel. The new evidence presented by Veridyne is not sufficient to demonstrate the absence of an issue of material fact with respect to the Government's defenses or counterclaims. "'Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.'" Bromley Contracting, Inc. v. United States, 15 Cl. Ct. 100, 104 (1988) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)). See also H.N. Wood Products Inc. v. United States, 59 Fed. Cl. 479, 485 (2003) ("[I]f the movant fails to submit sufficient evidence to meet its initial burden of establishing the absence of any genuine issue of material fact, then summary judgment must be denied even if the nonmovant fails to oppose the proffered evidence."). In its latest motion, Veridyne has failed even to satisfy its initial burden, and its motion therefore should be denied.[1]

In support of its motion for summary judgment, Veridyne presents several pieces of correspondence between MARAD employees Richard Williams (the contracting officer's technical representative, or "COTR"), Patrick Carlton (the assistant COTR), and Rita Jackson

[1] Inasmuch as Veridyne has failed to demonstrate the absence of a material fact, the Government is not required to present evidence indicating an issue of material fact, but we have done so by incorporating our response to plaintiff's first motion for summary judgment, which appears in its entirety as Exhibit 1 to this response.

(contract specialist).[2] Veridyne argues that the significance of these communications is that they demonstrate that Mr. Williams, Mr. Carlton and Ms. Jackson were not deceived by the fraud perpetrated by Veridyne. Pl. Second Mot. Sum. J. at 2-8. None of the Government's defenses or counterclaims, however, depends on showing that MARAD employees were deceived or that the Government suffered damages and, thus, the existence of these communications does not entitle Veridyne to judgment as a matter of law.

The Government's defenses and counterclaim are based upon our contentions that (i) Veridyne's claims have been forfeited pursuant to 28 U.S.C. § 2514 and (ii) the contract upon which plaintiff bases its claims was procured through fraud and in violation of 15 U.S.C. § 637(a)(1)(D) and, therefore, was void ab initio pursuant to United States v. Mississippi Valley Generating Co., 364 U.S. 520 (1961), and its progeny.

Proof of reliance or damages is not required to establish forfeiture pursuant to Section 2514. "'To prevail under [§ 2514], the government is required to establish by clear and convincing evidence that the contractor knew that its submitted claims were false, and that it intended to defraud the government by submitting those claims.'" Glendale Fed. Bank, FSB v. United States, 239 F.3d 1374, 1379 (Fed. Cir.2001) (quoting Commercial Contractors, Inc. v. United States, 154 F.3d 1357, 1362 (Fed. Cir.1998)); cf. Young-Montenay, Inc. v. United States, 15 F.3d 1040, 1042 (Fed.Cir.1994) ("Under 28 U.S.C. § 2514, the government bears the burden

---

[2] Veridyne also points to correspondence between Benedict Burnowski (the contracting officer after the execution of Mod 23) and Erica Williams (contract specialist). Their communication post-dates the execution of Mod 23. Veridyne does not explain the relevance of these communications. It appears that perhaps Veridyne believes that because Mr. Burnowski understood Mod 23 in a particular way that Mr. Williams, Mr. Carlton and Ms. Jackson also must have understood it in a that way. If the Government is correct in understanding the purpose for which Veridyne has cited these communications, then they are not more helpful to Veridyne's argument than the communications between Mr. Williams, Mr. Carlton and Ms.

of proving that the claimant (1) knew the claim was false and (2) intended to deceive the government by submitting it."). Veridyne conceded this point in its response to our motion for summary judgment. Pl. First Resp. 12 ("detrimental reliance and injury seem not to be required" in order to prove the Government's forfeiture defense pursuant to 28 U.S.C. § 2514) (citing Long Island Savings Bank, et. al. v. United States, 476 F.3d 917, 926 (2007)).

Nor are reliance or damages necessary to prove that a Government contract is "tainted from its inception by fraud" and is thus "void ab initio[.]" Long Island Savings Bank, et. al. v. United States, 503 F.3d 1234, 1246 (2007)). In such a case, the Government need only prove that the contractor (a) obtained the contract by (b) knowingly (c) making a false statement. Id. at 1246. Indeed, proof of reliance and damages has never been required in order for a contract to be deemed void ab initio pursuant to Mississippi Valley and its progeny. Mississippi Valley, 364 U.S. at 548 (there is "no burden on the Government to establish financial loss"); J.E.T.S., Inc. v. United States, 838 F.2d 1196, 1200 (Fed. Cir. 1988) (affirming summary judgment finding contract void ab initio based solely upon contractor's having been estopped to deny misrepresentation); K & R Eng'g Co. v. United States, 616 F.2d 469, 475 (1980) ("It is therefore immaterial whether the particular taint has or has not in fact caused the government any financial loss or damages"). Indeed, in Mississippi Valley, the Court held that the contract would be void even if the Government had knowledge of and approved of the activities that gave rise to the Court's finding of a conflict of interest. Mississippi Valley, 364 U.S. at 561.

Veridyne's motion also identifies other evidence, or conclusions Veridyne draws from the evidence, that in no way aid it in establishing that it is entitled to judgment as a matter of law. Veridyne devotes an entire section of its motion to refuting the argument that the cost and pricing

---

Jackson, and should be regarded similarly.

data certificate it provided, pursuant to the Truth in Negotiations Act ("TINA"), was false. Pl. Second Mot. 9-13. But the Government has not based its defenses and counterclaims upon the allegation that Veridyne's TINA certificate was false; we acknowledge that the TINA certificate applies only to facts, and not to projections. Rather, the Government's defenses and counterclaims are based upon the allegation that the labor and cost estimates contained in Veridyne's proposal are false statements and that Veridyne's representations as to the accuracy of the labor and cost estimates in the Mod 23 Schedule were false.[3] In any event, the veracity of the TINA certificate does not demonstrate the absence of a genuine issue of material fact.

Similarly, the section of Veridyne's motion devoted to demonstrating that MARAD was aware of its logistics support needs prior to the execution of Mod 23 is of absolutely no consequence. Pl. Mot. Sum. J. at 13-17. Even if true, these facts do not vitiate Veridyne's fraud.

For the reasons described above, the evidence presented by Veridyne does not demonstrate the absence of a genuine issue of material fact. Veridyne therefore has failed to meet its initial burden.

## III. Veridyne Is Not Entitled To Summary Judgment On The Issue Of Ratification

Veridyne raised the issue of ratification in its first motion for summary judgment. The ratification argument in its second motion for summary judgment is merely a restatement of the argument in its first motion, with two additions. First, Veridyne contends that "MARAD's ratification went far beyond mere 'institutional[,]'" and instead represented "de jure" ratification.

[3] Veridyne also represented that the estimates contained in Mod 23 Schedule, which were virtually the same as those in Veridyne's proposal, were accurate. Both the Limitation of Funds Provision (FAR 52.232-22) and Limitation of Costs provision (FAR 52.232-22), which were part of the contract and thus part of Mod 23, contain the following statement: "The parties estimate that performance of this contract will not cost the Government more than … the estimated costs

Veridyne does not support these statements with explanation or authority, and they should be ignored. Second, Veridyne cites California Sand & Gravel, Inc. v. United States, 22 Cl. Ct.19, 27-28 (1990),[4] for the proposition that full knowledge on the part of the ratifying party is necessary to establish that an unauthorized contract has been ratified. Pl. Second Mot. Sum. J. 16. Veridyne then identifies documents that it believes demonstrate that MARAD employees had "full knowledge of the facts[,]" implying that this is sufficient to establish that the contract had been ratified. Id. Such a reading of California Sand & Gravel is wholly unreasonable.

In our response to Veridyne's first motion for summary judgment, we stated:

> A contract that is void ab initio may not be ratified. Long v. Sears Roebuck & Co., 105 F.3d 1529, 1535 fn. 10 (3rd Cir. 1997); Noble v. National Mines Corp., 774 F.2d 144, 147 fn. 3 (6th Cir. 1985); Teas v. Kimball, 257 F.2d 817, 825 (5th Cir. 1958); Walters v. Village of Colfax, 466 F.Supp.2d 1046, 1056 (C.D. Ill. 2006); Godley v. United States, 26 Cl. Ct. 1075, 1081 (1992) ("a contract that is obtained through the prime contractor's wrongful conduct is void ab initio and, therefore, cannot be ratified"), rev'd on other grounds, 5 F.3d 1473 (Fed. Cir. 1993). This Court and the Court of Appeals for the Federal Circuit have only found institutional ratification by the Government in cases where the plaintiff sought to overcome a lack of contracting authority by the Government employee. Janowski v. United States, 133 F.3d 888, 892 (Fed. Cir. 1998); Silverman v. United States, 679 F.2d 865 (1982); Digicon v. United States, 56 Fed. Cl. 425, 426 (2003). Indeed, in Digicon, this Court stated that "institutional ratification occurs when the government seeks and receives benefits from an otherwise unauthorized contract." Digicon, 56 Fed. Cl. at 426 (emphasis added). Veridyne cites no cases, and the Government is not aware of any cases, where the Government has been found to have ratified a contract deemed to be void because it was procured through fraud.

Def. First Resp. 20-21. In addition, we argued:

---

specified in the Schedule[.]"

[4] Veridyne incorrectly identified the caption of the case as "Cala Sand & Gravel, Inc. v. United States[.]"

> [P]ursuant to § 2514, Veridyne's claims pursuant to the contract are forfeited to the Government. Even if the contract were deemed to be ratified, then, any claim that Veridyne possessed pursuant to the ratified contract would be forfeited pursuant to § 2514. Thus, § 2514 operates as a complete defense to Veridyne's claims even if it could successfully argue that the contract has been ratified. Thus, if the contract is deemed to be void ab initio, it cannot be ratified. For the same reasons Veridyne is not entitled to summary judgment on the Government's defense and counterclaim based upon the contract having been void, then, Veridyne is not entitled to summary judgment on the issue of ratification.

These arguments apply with equal force to the ratification argument contained in Veridyne's second motion for summary judgment.

## IV. If The Court Determines That Veridyne Has Satisfied Its Initial Burden To Produce Evidence Supporting Judgment In Its Favor, The Court Should Permit The Government to Conduct Additional Discovery

Veridyne has failed to demonstrate the absence of a genuine issue of material fact. As we explained above, none of the defenses or counterclaims raised by the Government require the Government to establish that MARAD employees were deceived or that the Government suffered any damages. The documents Veridyne proffers, which it argues demonstrate that certain MARAD employees were not deceived, do not demonstrate the absence of a genuine issue of material fact. Moreover, Veridyne has presented no evidence relevant to the issues that ARE part of the Government's defenses and counterclaims: that Veridyne made misstatements of fact with the intent to deceive. Thus, Veridyne has not satisfied its initial burden.

If the Court determines, however, that Veridyne has met its initial burden to present evidence that could support judgment as a matter of law, either because it concludes that the Government must prove reliance or because it concludes that Veridyne has proffered sufficient summary judgment evidence on the issues of falsity and intent to deceive to satisfy its initial burden, we respectfully request that the Court permit the Government to conduct further

discovery pursuant to RCFC 56(f) prior to responding to Veridyne's motion.

When a non-movant submits a motion pursuant to RCFC 56(f), discovery which is reasonably related to "'facts essential to justify the party's opposition'" to a summary judgment motion must be permitted or the motion denied. Opryland USA, Inc. v. Great Am. Music Show, Inc., 970 F.2d 847, 852 (Fed.Cir.1992) (quoting Anderson, 477 U.S. 250 n. 5 (1986)). In order to respond to Veridyne's motion, we would need to depose several current and former Veridyne employees who were involved in the preparation and presentation of Veridyne's proposal and the execution of Mod 23. The prospective deponents include, but are not limited to, Samuel Patterson (Veridyne's Chief Executive Officer), Michael Genna (Veridyne's former Chief Financial Officer), Glenn Downer (Veridyne's then Program Manager) and Leornard Freiberg (Veridyne's Vice President of Finance and Administration). The Government believes that the persons identified above are likely to possess relevant information regarding misstatements in Veridyne's proposal and in Mod 23, whether those misstatements were made with the intent to deceive, whether the Government relied upon those misstatements and the extent to which the Government was damaged as a result of the misstatements. The conduct of their depositions, therefore, is reasonably related to the facts essential to justify the Government's defenses and counterclaims.

Discovery in this case closes September 26, 2008. If the Court does not deny Veridyne's second motion for partial summary judgment, we respectfully request that the Government be permitted to complete its discovery as scheduled, and that the due date for the Government's response to Veridyne's motion be set for October 26, 2008, which is 30 days after discovery is completed.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 514-4678

Attorneys for Defendant

Of Counsel:
Janis Rodriguez, Esq.
United States Department of Transportation

August 11, 1008

CERTIFICATE OF FILING

I hereby certify that on this 11th day of August 2008, a copy of the foregoing "Defendant/Counterclaimant's Response to Plaintiff's Motion for Partial Summary Judgment" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler